UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AILAN LI,<br><br>                                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Warden of<br>Otay Mesa Detention Center, et al.,<br><br>                                              Respondents. | Case No.:  26-CV-2073 JLS (DEB)<br><br>**ORDER (1) GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING AS MOOT MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Petitioner Ailan Li's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1) and Motion for Temporary Restraining Order ("Mot.," ECF No. 2).  Also before the Court are Respondents' Response to Petition ("Ret.," ECF No. 5) and Petitioner's Reply ("Reply," ECF No. 6).  For the reasons set forth below, the Court **GRANTS IN PART** the Petition for a Writ of Habeas Corpus.

## BACKGROUND

Petitioner Ailan Li, a citizen of China, alleges that she has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since July 8, 2025, when

she entered the United States. Pet. ¶ 1. An asylum officer interviewed Petitioner and concluded that she had a credible fear of persecution in China. *Id.* ¶ 17. Petitioner was thereafter placed into removal proceedings and applied for asylum. *Id.* ¶¶ 16–19. Petitioner's individual merits hearing is scheduled for April 21, 2026. Ret. at 2. Petitioner now alleges that her prolonged detention violates the Due Process Clause of the Fifth Amendment. *See generally* Pet.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

### I.      Merits

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d

1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established she is entitled to a bond hearing. Petitioner's length of detention, over eight months, without a bond hearing weighs in Petitioner's favor. Courts have found that detention of similar lengths without a bond hearing weighs in favor of finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi*, 2025 WL 3154520, at *4 (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process); *Amado*, 2025 WL 3079052, at *5 ("Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that "continued detention is virtually certain" given her pending removal proceedings and potential appellate review of those proceedings. Pet. ¶ 13. The Court agrees, as Petitioner's individual merits hearing has not yet occurred, and any appeal thereafter may take several years. *See Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting that the "government cannot predict with any degree of confidence when the BIA appeal will be resolved"). Therefore, the likely duration of future detention weighs in Petitioner's favor.

26-CV-2073 JLS (DEB)

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner.  *See* generally Pet.; Ret.  Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## II.	Attorney's Fees

Petitioner's counsel still requests costs and attorney's fees in this action pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412.  Pet at 32.  The EAJA provides in part:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1), **DENIES AS MOOT** Petitioner's Motion for Temporary Restraining Order (ECF No. 2), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released. If no hearing occurs within fourteen days of this Order, Petitioner shall be released from

26-CV-2073 JLS (DEB)

Respondents' custody.  The Parties **SHALL** provide a status update as to the result of the hearing by <u>May 5, 2026</u>.

The Court will consider an application requesting reasonable fees and costs under the EAJA that is filed within thirty days of the judgment.  Petitioner's attorney is directed to submit an attorney fee application and corresponding billing records within <u>thirty (30) days</u> of this Order, and Respondents are instructed to file any opposition within <u>fourteen (14) days</u> of Petitioner's attorney fee application.

**IT IS SO ORDERED.**

Dated:  April 14, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-2073 JLS (DEB)